**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>5900 Capital Gateway Drive<br>Camp Springs, MD 20588,<br><br>*Defendants*. | ) | Case No. 26-cv-3995 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services (USCIS) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records related to USCIS's "Unlawful Voter Initiative."

2. On September 13, 2026, Senators Alex Padilla and Chuck Schumer sent a letter to DHS Secretary Markwayne Mullin and USCIS Director Joseph Edlow that included a whistleblower disclosure.[1]

[1] *See* Letter from Sens. Alex Padilla & Chuck Schumer to Sec'y Markwayne Mullin & Dir. Joseph B. Edlow (Sep. 13, 2026), https://www.padilla.senate.gov/wp-content/uploads/09.13.26-Senate-Whistleblower-Letter-DHS-USCIS_combined_signed.pdf.

3. The report alleged that USCIS instructed employees to misrepresent themselves to gain access to state voter records as part of USCIS's "Unlawful Voter Initiative."[2]

4. The whistleblower's disclosure described a fast-moving initiative by which officers within USCIS's Fraud Detection and National Security Directorate (FDNS) were allegedly diverted to review data to identify supposedly "unlawful voters."[3]

5. The report alleged that high quotas imposed on FDNS personnel left them with insufficient time to thoroughly review each subject, "increasing the likelihood of error."[4]

6. According to a transcript of the FDNS training video for the Initiative, FDNS personnel were told that "there will be U.S. citizens in this [data] . . . unfortunately, we're relying on the data we have available . . . the way that the systems work, it's not perfect."[5]

7. The whistleblower disclosures came amid ongoing public concern that the Trump Administration's claims of widespread noncitizen voting were unsupported by evidence.[6]

---

[2] *See id.* at 2.
[3] *Id.* at 2.
[4] *Id.* at 3.
[5] *Id.* at 36.
[6] *See, e.g.*, Peter Elkind et al., *Inside Trump's Failed Hunt for Noncitizen Voters*, ProPublica (Aug. 16, 2026), https://www.propublica.org/article/noncitizen-voting-trump-homeland-security-investigations; Aaron Reichlin-Melnick, *Unpacking Myths About Noncitizen Voting—How Heritage Foundation's Own Data Still Proves It's Not the Problem It's Made Out to Be*, Am. Immigr. Council (Aug. 13, 2026), https://www.americanimmigrationcouncil.org/blog/myths-about-noncitizen-voting-heritage-foundation-data/; Michael Waldman, *Advocates for Strict Voting Requirements Can't Find Evidence of Noncitizen Voting*, Brennan Ctr. For Just. (Sep. 17, 2025), https://www.brennancenter.org/our-work/analysis-opinion/advocates-strict-voting-requirements-cant-find-evidence-noncitizen-voting; Michael Waldman, *Why the Myth of Noncitizen Voting Persists*, Brennan Ctr. For Just. (Aug. 21, 2024), https://www.brennancenter.org/our-work/analysis-opinion/why-myth-noncitizen-voting-persists.

8. Then, on Tuesday, November 3, 2026, while the midterm elections were underway, Secretary Mullin told members of the media that, after the election, "We'll be gathering the voting logs, and we'll be going through those and making sure that no illegals voted."[7]

9. American Oversight now brings this suit to obtain records with the potential to shed light on USCIS's "Unlawful Voter Initiative."

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

12. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

13. Because Defendant USCIS has failed to issue a determination on American Oversight's requests for expedited processing within the applicable time-limit provisions of FOIA, American Oversight is entitled to judicial action requiring Defendant USCIS to grant American Oversight's request for expedited processing.

---

[7] Madeleine Ngo, *'We Will Find You': Trump Officials Pledge to Arrest Noncitizen Voters*, N.Y. Times (Nov. 3, 2026), https://www.nytimes.com/2026/11/03/us/politics/trump-mullin-noncitizen-voting-arrests.html.

14. Because Defendant DHS has denied American Oversight's request for expedited processing, American Oversight is entitled to judicial review of that determination and an order requiring Defendant DHS to grant American Oversight's request for expedited processing.

## PARTIES

15. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

16. Defendant DHS is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

17. Defendant USCIS is headquartered in Camp Springs, MD, and is a component of DHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of records that Plaintiffs seek.

## STATEMENT OF FACTS

18. On September 16, 2026, American Oversight submitted FOIA requests to DHS and USCIS seeking records with the potential to shed light on federal government activity related to USCIS's "Unlawful Voter Initiative."

*DHS Key Terms Request*

19. On September 16, 2026, American Oversight submitted a request to DHS bearing internal American Oversight tracking number DHS-26-1800 ("DHS Key Terms Request"), seeking the following records from August 1, 2026, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below and containing any of the key terms listed below.
>
> Department of Homeland Security Officials:
> i. Markwayne Mullin, Secretary, and anyone communicating on his behalf, such as an assistant, secretary, or chief of staff
> ii. Troy Edgar, Deputy Secretary
> iii. Rob Law, Deputy Under Secretary, Office of Strategy, Policy, & Plans
> iv. Andrew McCarthy, Chief of Staff
> v. Heather Honey, Senior Counselor
>
> Key Terms:
> 1. "unlawful voter"
> 2. "unlawful vote"
> 3. "voter fraud"
> 4. magic
> 5. "state voter"
> 6. "voter record"
> 7. "FDNS enhanced"
> 8. "FDNS enhancement"
> 9. TECS
> 10. overtime
> 11. "over time"

20. A true and correct copy of the DHS Key Terms Request is attached as Exhibit A, which American Oversight incorporates by reference as though stated fully herein.

21. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

22. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

23. Accordingly, American Oversight requested expedited processing of this request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. A at 5–7.

24. As American Oversight certified in the DHS Key Terms Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

25. As American Oversight certified in the DHS Key Terms Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

26. As certified to in the DHS Key Terms Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

27. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

28. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

29. On October 17, 2026, DHS emailed American Oversight acknowledging receipt of the DHS Key Terms Request, assigning it agency tracking number 2026-HQFO-03917, denying the request for expedited processing, and claiming a 10-day extension to respond.

30. As of the time of this filing, American Oversight has received no further communications from DHS concerning the DHS Key Terms Request.

31. As of the time of this filing, DHS has not issued a final determination in response to the DHS Key Terms Request.

32. As of the time of this filing, DHS has not produced any records responsive to the DHS Key Terms Request.

33. More than thirty (30) working days have passed since American Oversight submitted the DHS Key Terms Request, and Defendant DHS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*USCIS Key Terms Request*

34. On September 16, 2026, American Oversight submitted a request to USCIS bearing internal American Oversight tracking number DHS-USCIS-26-1801 ("USCIS Key Terms Request"), seeking the following records from August 1, 2026, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent</u> by any of the officials listed below <u>and</u> containing any of the key terms listed below.
>
> <u>U.S. Citizenship and Immigration Services</u>:
>
> i. Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services, and anyone communicating on his behalf, such as an assistant, secretary, or chief of staff
> ii. Nicolas Bartell, Associate Director, Fraud Detection and National Security Directorate
> iii. Angelica Alfonso-Royals, Deputy Director, U.S. Citizenship and Immigration Services
> iv. Peter Holland, Chief of Staff, Office of the Director
> v. Randy Blair, Chief Counsel, Office of Chief Counsel
> vi. Katie Geier Noreiga, Associate Director, Management Directorate
> vii. Carrie M. Selby, Associate Director, Service Center Operations Directorate
> viii. Sarah Kendall, Associate Director, Field Operations Directorate
> ix. Larry C. DeNayer, Associate Director, Immigration Records and Identity Services Directorate
> x. Andrew Good, Chief, Office of Policy and Strategy
> xi. Kristinn Coleman, Chief, Office of Investigations
> xii. Samantha Deshommes, Chief Regulatory Officer
> xiii. Katherine Lotspeich, Chief Data Officer
> xiv. Brian Gottstein, Associate Director, External Affairs
> xv. Michael Mayhew, Deputy Associate Director, Immigration Records and Identity Services Division
> xvi. Michael Arnold, Director, National Records Center

xvii. Bridgette Parascando, Principal Deputy Chief Counsel
xviii. Dominic Panarese, Senior Advisor
xix. Brian J. Broderick, Acting Chief, Identity and Information Management Division
xx. Paul L. Gleason,
xxi. William 'Bill' H. Richards
xxii. Kimberly H. Vogt

<u>Key Terms</u>:
12. "unlawful voter"
13. "unlawful vote"
14. "voter fraud"
15. magic
16. "state voter"
17. "voter record"
18. "FDNS enhanced"
19. "FDNS enhancement"
20. TECS
21. overtime
22. "over time"

35. A true and correct copy of the USCIS Key Terms Request is attached as Exhibit B, which American Oversight incorporates by reference as though stated fully herein.

36. American Oversight submitted the USCIS Key Terms Request via USCIS's online portal, as well as by United States Postal Service (USPS), in compliance with USCIS's expedited processing regulations.

37. American Oversight received USPS confirmation that the request was delivered on September 21, 2026.

38. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

39. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

40. Accordingly, American Oversight requested expedited processing of the USCIS Key Terms Request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. B at 5–8.

41. As American Oversight certified in the USCIS Key Terms Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

42. As American Oversight certified in the USCIS Key Terms Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

43. As certified to in the USCIS Key Terms Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

44. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

45. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

46. To date, American Oversight has received no communications from USCIS concerning the USCIS Key Terms Request.

47. To date, USCIS has not informed American Oversight of (i) a determination concerning its request for expedited processing; or (ii) the scope of the documents USCIS intends to produce and/or withhold.

48. More than twenty (20) working days have passed since American Oversight submitted the USCIS Key Terms Request, and Defendant USCIS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*USCIS Training Materials Request*

49. On September 16, 2026, American Oversight submitted a request to USCIS bearing internal American Oversight tracking number DHS-USCIS-26-1803 ("USCIS Training Materials Request"), seeking the following records from August 1, 2026, through the date the search is conducted:

> All training materials given or shown to FDNS personnel related to the "Unlawful Voter Initiative."
>
> Responsive records may include, but should not be limited to, PowerPoint slides, informational handouts, summary documents, training videos (including the video shown to FDNS personnel on or around August 21, 2026), or any other records used in trainings.

(internal footnotes and citations omitted).

50. A true and correct copy of the USCIS Training Materials Request is attached as Exhibit C, which American Oversight incorporates by reference as though stated fully herein.

51. American Oversight submitted the USCIS Training Materials Request via USCIS's online portal, as well as by United States Postal Service (USPS), in compliance with USCIS's expedited processing regulations.

52. American Oversight received USPS confirmation that the request was delivered on September 21, 2026.

53. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

54. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

55. Accordingly, American Oversight requested expedited processing of the USCIS Training Materials Request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. C at 4–7.

56. As American Oversight certified in the USCIS Training Materials Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

57. As American Oversight certified in the USCIS Training Materials Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

58. As certified to in the USCIS Training Materials Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

59. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

60. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

61. To date, American Oversight has received no communications from USCIS concerning the USCIS Training Materials Request.

62. To date, USCIS has not informed American Oversight of (i) a determination concerning its request for expedited processing; or (ii) the scope of the documents USCIS intends to produce and/or withhold.

63. More than twenty (20) working days have passed since American Oversight submitted the USCIS Training Materials Request, and Defendant USCIS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*USCIS Quota Records Request*

64. On September 16, 2026, American Oversight submitted a request to USCIS bearing internal American Oversight tracking number DHS-USCIS-26-1805 ("USCIS Quota Records Request"), seeking the following records from August 1, 2026, through the date the search is conducted:

> All records reflecting any quotas or other minimum quantitative requirements, targets, objectives, and/or goals associated with USCIS's "Unlawful Voter Initiative," including, but not limited to, any formal or informal directives regarding the number and/or rate of subjects FNDS officers were expected to review.

(internal footnotes and citations omitted).

65. A true and correct copy of the USCIS Quota Records Request is attached as Exhibit D, which American Oversight incorporates by reference as though stated fully herein.

66. American Oversight submitted the USCIS Quota Records Request via USCIS's online portal, as well as by United States Postal Service (USPS), in compliance with USCIS's expedited processing regulations.

67. American Oversight received USPS confirmation that the request was delivered on September 21, 2026.

68. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

69. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

70. Accordingly, American Oversight requested expedited processing of the USCIS Quota Records Request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. D at 4–7.

71. As American Oversight certified in the USCIS Quota Records Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

72. As American Oversight certified in the USCIS Quota Records Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

73. As certified to in the USCIS Quota Records Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

74. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

75. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

76. To date, American Oversight has received no communications from USCIS concerning the USCIS Quota Records Request.

77. To date, USCIS has not informed American Oversight of (i) a determination concerning its request for expedited processing; or (ii) the scope of the documents USCIS intends to produce and/or withhold.

78. More than twenty (20) working days have passed since American Oversight submitted the USCIS Quota Records Request, and Defendant USCIS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*USCIS State Communications Request*

79. On September 16, 2026, American Oversight submitted a request to USCIS bearing internal American Oversight tracking number DHS-USCIS-26-1807 ("USCIS State Communications Request"), seeking the following records from July 1, 2026, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>between</u> (a) any of the officials listed below, <u>and</u> (b) any of the entities also listed below (including, but not limited to, anyone communicating from an email address ending in the listed domains).
>
> <u>U.S. Citizenship and Immigration Services</u>:
>
> i. Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services, and/or anyone communicating on his behalf, such as an assistant, secretary, or chief of staff
> ii. Angelica Alfonso-Royals, Deputy Director, U.S. Citizenship and Immigration Services
> iii. Peter Holland, Chief of Staff, Office of the Director
> iv. Randy Blair, Chief Counsel, Office of Chief Counsel
> v. Katie Geier Noreiga, Associate Director, Management Directorate
> vi. Carrie M. Selby, Associate Director, Service Center Operations Directorate
> vii. Nicolas Bartell, Associate Director, Fraud Detection and National Security Directorate
> viii. Sarah Kendall, Associate Director, Field Operations Directorate
> ix. Larry C. DeNayer, Associate Director, Immigration Records and Identity Services Directorate
> x. Andrew Good, Chief, Office of Policy and Strategy
> xi. Kristinn Coleman, Chief, Office of Investigations
> xii. Samantha Deshommes, Chief Regulatory Officer
> xiii. Katherine Lotspeich, Chief Data Officer
> xiv. Brian Gottstein, Associate Director, External Affairs
> xv. Michael Mayhew, Deputy Associate Director, Immigration Records and Identity Services Division
> xvi. Michael Arnold, Director, National Records Center
> xvii. Bridgette Parascando, Principal Deputy Chief Counsel
> xviii. Dominic Panarese, Senior Advisor

xix. Paul L. Gleason, USCIS
xx. William 'Bill' H. Richards, USCIS
xxi. Kimberly H. Vogt, USCIS
xxii. Brian J. Broderick, Acting Chief of the Identity and Information Management Division (IIMD)

External Entities:

1. Alabama Secretary of State's Office (@sos.alabama.gov)
2. Arkansas Secretary of State's Office (@sos.arkansas.gov)
3. California Secretary of State's Office (@sos.ca.gov)
4. Colorado Secretary of State's Office (@coloradosos.gov)
5. District of Columbia Board of Elections (@dcboe.org)
6. Georgia Secretary of State's Office (@sos.ga.gov)
7. Illinois Secretary of State's Office (@ilsos.gov)
8. Louisiana Secretary of State's Office (@sos.la.gov)
9. Massachusetts Secretary of the Commonwealth's Office (@sec.state.ma.us)
10. Minnesota Secretary of State's Office (@state.mn.us)
11. Nevada Secretary of State's Office (@sos.nv.gov)
12. New Hampshire Secretary of State's Office (@sos.nh.gov)
13. New Jersey Secretary of State's Office (@sos.nj.gov)
14. New Mexico Secretary of State's Office (@sos.nm.gov)
15. New York State Board of Elections (@elections.ny.gov)
16. North Carolina State Board of Elections (@ncsbe.gov)
17. Ohio Secretary of State's Office (@ohiosos.gov)
18. Texas Secretary of State's Office (@sos.texas.gov)
19. South Carolina Election Commission (@elections.sc.gov)
20. Washington Secretary of State's Office (@sos.wa.gov)

80. A true and correct copy of the USCIS State Communications Request is attached as Exhibit E, which American Oversight incorporates by reference as though stated fully herein.

81. American Oversight submitted the USCIS State Communications Request via USCIS's online portal, as well as by United States Postal Service (USPS), in compliance with USCIS's expedited processing regulations.

82. American Oversight received USPS confirmation that the request was delivered on September 21, 2026.

83. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

84. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

85. Accordingly, American Oversight requested expedited processing of the USCIS State Communications Request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. E at 5–8.

86. As American Oversight certified in the USCIS State Communications Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

87. As American Oversight certified in the USCIS State Communications Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

88. As certified to in the USCIS State Communications Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

89. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

90. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

91. To date, American Oversight has received no communications from USCIS concerning the USCIS State Communications Request.

92. To date, USCIS has not informed American Oversight of (i) a determination concerning its request for expedited processing; or (ii) the scope of the documents USCIS intends to produce and/or withhold.

93. More than twenty (20) working days have passed since American Oversight submitted the USCIS State Communications Request, and Defendant USCIS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*USCIS Data Sources Request*

94. On September 16, 2026, American Oversight submitted a request to USCIS bearing internal American Oversight tracking number DHS-USCIS-26-1809 ("USCIS Data Sources Request"), seeking the following records from August 1, 2026, through the date the search is conducted:

> 1. Records identifying all sources and types of data provided to FDNS personnel to review for potential "unlawful voters" pursuant to USCIS's "Unlawful Voter Initiative."
>
> 2. Records identifying the name, vendor and function of any analytic matching or data-mining software or system used by USCIS pursuant to USCIS's "Unlawful Voter Initiative."
>
> To be clear, American Oversight does not seek the data itself, only records that describe or reflect the sources and/or types of data provided to FDNS officers, as described in the whistleblower disclosure.

(internal footnotes and citations omitted).

95. A true and correct copy of the USCIS Data Sources Request is attached as Exhibit F, which American Oversight incorporates by reference as though stated fully herein.

96. American Oversight submitted the USCIS Data Sources Request via USCIS's online portal, as well as by United States Postal Service (USPS), in compliance with USCIS's expedited processing regulations.

97. American Oversight received USPS confirmation that the request was delivered on September 21, 2026.

98. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

99. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

100. Accordingly, American Oversight requested expedited processing of the USCIS Data Sources Request, and that request includes the certifications required by 5 U.S.C. § 552(a)(6)(E)(1), 1), 6 C.F.R. § 5.5(e)(1)(ii), and 6 C.F.R. § 5.5(e)(1)(iv). *See* Ex. F at 4–7.

101. As American Oversight certified in the USCIS Data Sources Request, the requested records are urgently needed to inform the public concerning actual or alleged government activity.

102. As American Oversight certified in the USCIS Data Sources Request, the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

103. As certified to in the USCIS Data Sources Request, and as further described in the Parties section above, American Oversight is primarily engaged in disseminating information to the public.

104. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards.

105. Plaintiff's expedited processing request included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications.

106. To date, American Oversight has received no communications from USCIS concerning the USCIS Data Sources Request.

107. To date, USCIS has not informed American Oversight of (i) a determination concerning its request for expedited processing; or (ii) the scope of the documents USCIS intends to produce and/or withhold.

108. More than twenty (20) working days have passed since American Oversight submitted the USCIS Data Sources Request, and Defendant USCIS has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*Failure to Expedite Processing and Exhaustion of Administrative Remedies*

109. As of the date of this Complaint, Defendant DHS has failed to: (a) grant American Oversight's proper request for expedited processing of its FOIA requests; (b) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendant DHS intends to produce or withhold and the reasons for any withholdings; and (c) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

110. Defendant DHS denied American Oversight's request to expedite processing of its FOIA request, and American Oversight is not required to exhaust its administrative remedies with respect to its request to expedite processing.

111. As of the date of this Complaint, Defendant USCIS has failed to: (a) notify American Oversight of a final determination regarding American Oversight's proper requests for expedited processing of its FOIA requests; (b) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendant USCIS intends to produce or withhold and the reasons for any withholdings; and (c)

produce the requested records or demonstrate that the requested records are lawfully exempt from production.

112. Defendant USCIS failed to respond to American Oversight's request to expedite processing of its FOIA requests within 10 calendar days, and American Oversight is not required to exhaust its administrative remedies with respect to its request to expedite processing.

113. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

114. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

115. American Oversight properly requested records within the possession, custody, and control of Defendants on an expedited basis.

116. Defendant DHS denied American Oversight's request for expedited processing.

117. Defendant USCIS failed to issue a determination on the requests for expedited processing within the timeframe set by statute.

118. Defendants are agencies subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

119. The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance.

120. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

121. Therefore, American Oversight's requests justify expedited processing under FOIA and agency regulations.

122. American Oversight is entitled to declaratory and injunctive relief requiring Defendants to grant expedited processing of American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

123. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

124. American Oversight properly requested records within the possession, custody, and control of Defendants.

125. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

126. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

127. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

128. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

129. American Oversight properly requested records within the possession, custody, and control of Defendants.

130. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

131. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

132. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

133. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

134. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to process American Oversight's requests on an expedited basis;

(2) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to DHS and USCIS on September 16, 2026;

(3) Order Defendants to produce, within twenty (20) days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Loree Stark*
Loree Stark
D.C. Bar No. 90021926
Sara-Paige K. Silvestro
(motion for *pro hac vice* forthcoming)
PA Bar No. 338274
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org
sara-paige.silvestro@americanoversight.com
*Counsel for Plaintiff*